UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

DAVID DELVALLE,

    Plaintiff,

v.                                  Case No.:  2:23-cv-735-SPC-NPM

MICHAEL FIORUCCI,

    Defendant.
                                 /

## OPINION AND ORDER

Before the Court is Plaintiff David Delvalle's Complaint (Doc. 1). Delvalle, a prisoner of the Florida Department of Corrections, sues Dr. Michael Fiorucci under 42 U.S.C. § 1983. United States Magistrate Judge Nicholas Mizell granted Delvalle leave to proceed *in forma pauperis*, so the Court must review the Complaint *sua sponte* to determine whether it is frivolous or malicious, fails to state a claim, or seeks monetary damages against a party who is immune from such relief. *See* 28 U.S.C. 1915(e)(2).

To state a § 1983 claim, a plaintiff must allege that (1) the defendant deprived him of a right secured under the Constitution or federal law, and (2) the deprivation occurred under color of state law. *Bingham v. Thomas*, 654 F.3d 1171, 1175 (11th Cir. 2011) (citing *Arrington v. Cobb Cty.*, 139 F.3d 865, 872 (11th Cir. 1998)). In addition, a plaintiff must allege and establish an

affirmative causal connection between the defendant's conduct and the constitutional deprivation. *Marsh v. Butler Cty., Ala.*, 268 F.3d 1014, 1059 (11th Cir. 2001).

Delvalle accuses Fiorucci of violating his Eight Amendment right to be free from cruel and unusual punishment. While incarcerated at Hardee Correctional Institution, Delvalle was sent to DeSoto Memorial Hospital for laparoscopic hernia surgery. Delvalle alleges that during the procedure, Dr. Fiorucci cut Delvalle's bladder and had to open Delvalle's stomach to repair it. As a result, Delvalle has ongoing urological problems.

In *Estelle v. Gamble*, the Supreme Court established that "deliberate indifference to serious medical needs of prisoners constitutes the 'unnecessary and wanton infliction of pain,' proscribed by the Eighth Amendment." 429 U.S. 97, 104 (1976). But not every claim of inadequate medical treatment gives rise to an Eighth Amendment violation. *Id.* at 105. Negligence in diagnosis or treatment—even if it constitutes medical malpractice—does not necessarily violate the constitution. *Id.* at 106.

"To prevail on a claim of deliberate indifference to serious medical need in violation of the [Eighth] Amendment, a plaintiff must show: '(1) a serious medical need; (2) the defendant['s] deliberate indifference to that need; and (3) causation between that indifference and the plaintiff's injury.'" *Youmans v.*

2

*Gagnon*, 626 F.3d 557, 563 (11th Cir. 2010) (quoting *Mann v. Taser Int'l, Inc.*, 588 F.3d 1291, 1306–07 (11th Cir. 2009)).

Delvalle does not allege deliberate indifference here. Refusing to perform a necessary surgery could be cruel and unusual punishment; making a mistake during surgery is not. At most, Delvalle's factual allegations might support a medical negligence or malpractice claim. As such, the proper forum is Florida state court, s*ee Estelle*, 429 U.S. at 107, and the claim is subject to Florida's presuit investigation and notice requirements, *see* Fla. Stat. §§ 766.106, 766.203. The Court will dismiss this action without prejudice, so Delvalle may file a new complaint if he can plausibly allege a constitutional violation. But because the proper forum appears to be in state court, the Court will direct the Clerk to close this case.

Accordingly, it is now **ORDERED:**

Plaintiff David Delvalle's Complaint (Doc. 1) is **DISMISSED without prejudice**. The Clerk is **DIRECTED** to terminate any pending motions and deadlines, enter judgment, and close this case.

**DONE** and **ORDERED** in Fort Myers, Florida on December 7, 2023.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

SA: FTMP-1
Copies: All Parties of Record

3